SANDERS (SEYMOUR v.). See Case No. 12,690.

SANDERS (UNITED STATES v.). See Case No. 16,220.

## Case No. 12,297.

### SANDERSON'S CASE.

[3 Cranch, C. C. 638.]

Circuit Court, District of Columbia. May Term, 1829.

Witness—Answer Tending to Criminate—Who to Decide.

A witness is not bound to answer, before the grand jury, to a question, the answer to which might implicate himself; and he is the sole judge whether it will. The court is to decide whether the answer could implicate the witness.

Memorandum. August 6, 1829. The foreman of the grand jury came down, and stated that a Mr. Sanderson had refused to answer who was the author of a certain publication in "The Baltimore Republican," supposed to reflect upon the court and jury, in the trial of the cases of U. S. v. Watkins [Cases Nos. 16,649 and 16,650], although he said it was "confessedly" written in this District; and that he said he could not answer the question without implicating himself.

Before CRANCH, Chief Judge, and MORSELL, Circuit Judge.

THE COURT (THRUSTON, Circuit Judge, absent) said, that it seemed to the court that he might be implicated by answering the question, and he was the sole judge whether it would; and, if it would, he was not bound to answer the question.

MORSELL, Circuit Judge, was not clear that it could implicate him.

CRANCH, Chief Judge, thought that it might form a link in the chain of circumstances, leading to a prosecution against himself, as the publisher of the paper; for, al-

1 [Reported by Hon. William Cranch, Chief Judge.]

though the paper was printed in Baltimore, it might have been published here. At least it is questionable, whether sending a paper here would not be a publication here; and, as the witness was now here, he might possibly be prosecuted here.

He was not compelled to answer.